Filed 2/18/21  P. v. Bonds CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B301521 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA271120) |
| v. | |
| ANDREW LAMONT BONDS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

A jury convicted Andrew Lamont Bonds in June 2005 of second degree murder for fatally stabbing his housemate James Boozer and found true allegations he had personally used two dangerous or deadly weapons when committing the offense.[1] On appeal Bonds, who did not dispute the finding he had killed Boozer, argued the trial court had erred in failing to instruct the jury sua sponte concerning the right to self-defense for one who has initiated an assault (CALJIC Nos. 5.54, 5.56).[2] We rejected that contention, modified the sentence to stay one of the two deadly weapon enhancements and affirmed the judgment as modified. (*People v. Bonds* (Oct. 10, 2006, B184921) [nonpub. opn.].)

In July 2019 Bonds, representing himself, petitioned for resentencing pursuant to Penal Code section 1170.95.[3] Without appointing counsel or inviting briefing, the superior court denied the petition, explaining the record established Bonds was not entitled to relief because he was the actual killer of the victim

---

[1]  Bonds was sentenced to an aggregate indeterminate state prison term of 16 years to life.

[2]  As summarized in our opinion on direct appeal, Bonds and Boozer smoked crack cocaine and argued with each other for several hours.  Bonds eventually punched Boozer (an older and smaller man), who hit his head on a table as he fell out of his chair onto the floor.  The two men then scuffled, and Boozer was fatally stabbed in the chest with a steak knife.  In police interviews Bonds at times claimed he had stabbed Boozer in self-defense, and at other times denied stabbing Boozer, either intentionally or accidentally, suggesting he may have fallen on the knife during their struggle.

[3]  Statutory references are to this code.

and the jury had not been instructed on a theory of felony murder or the natural and probable consequences doctrine. We affirm.

## PROCEDURAL BACKGROUND

Bond's appointed counsel on February 14, 2020 filed a brief pursuant to *People v. Kelly* (2006) 40 Cal.4th 106 and *People v. Wende* (1979) 25 Cal.3d 436 stating his review of the record did not disclose any arguable issues on appeal and a staff attorney at the California Appellate Project, who had also reviewed the case, agreed with that assessment. At the time the *Wende* brief was filed, this court in *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted March 18, 2020, S260493 (*Verdugo*) and Division One of this district in *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted March 18, 2020, S260598 (*Lewis*) had expressly approved the procedure used by the superior court in summarily denying Bond's petition; there was no contrary court of appeal decision; and review had not yet been granted in *Verdugo* and *Lewis.*

On June 29, 2020 we wrote counsel that we had identified two arguable issues that should be briefed: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95? (2) When does the right to appointed counsel arise under section 1170.95, subdivision (c)?"

We explained in our letter that, although those issues had been addressed in *Verdugo*, and resolved consistently with the superior court's ruling in Bond's case, the Supreme Court had granted review in *Verdugo* and *Lewis* and directed the parties in *Lewis* to brief those two questions. Accordingly, we believed disposition of Bond's appeal through the *Wende* procedure was not appropriate.

3

In briefing subsequent to our June 29, 2020 letter, Bonds's counsel argued the superior court erred in summarily denying Bonds's petition prior to the appointment of counsel and receipt of briefing by the parties, relying on the analysis of the court of appeal in *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted November 10, 2020, S264684, and the dissenting justice in *People v. Tarkington* (2020) 49 Cal.App.5th 892, 911-927 (dis. opn. of Lavin, J.), review granted August 12, 2020, S263219, which disagreed with the holdings in *Verdugo* and *Lewis* that section 1170.95, subdivision (c), authorized the superior court, before appointing counsel for the petitioner, to review available portions of the record of conviction to determine whether, as a matter of law, the petitioner was ineligible for relief under section 1170.95. The Attorney General urged us to adhere to our *Verdugo* analysis and argued Bonds's petition was properly denied because the record of conviction demonstrated he was convicted of murder as the actual killer of his victim, not under a felony-murder theory or pursuant to the natural and probable consequences doctrine.

## DISCUSSION

1. *Senate Bill No. 1437 and the Section 1170.95 Petition Procedure*

As now described in a plethora of appellate decisions, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015), effective January 1, 2019, significantly modified the law relating to accomplice liability for murder. Section 188, subdivision (a)(3), added by the legislation, eliminates the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder by providing, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder,

4

a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." New section 189, subdivision (e), limits the felony-murder exception to the malice requirement, permitting a murder conviction for a death that occurred during the commission of certain serious felonies only when the defendant was the actual killer, aided or abetted the underlying felony with the intent to kill or was a major participant in the felony and acted with reckless indifference to human life.

In addition, new section 1170.95 authorizes an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill No. 1437's changes to the definition of the crime. The petition must include a declaration by the petitioner that he or she is eligible for relief under section 1170.95 and a statement whether the petitioner requests the appointment of counsel. (§ 1170.95, subd. (b)(1).)[4]

---

[4] Section 1170.95, subdivision (b)(1), provides the judge who originally sentenced the petitioner is to decide the petition for resentencing unless that judge is not available. Bonds's petition was heard in the same department of the Clara Shortridge Foltz Criminal Justice Center in which his trial occurred, but not by Judge Stephen A. Marcus, who had presided at Bonds's trial, even though Judge Marcus is still actively hearing criminal cases at that courthouse. Nothing in the record on appeal explains this apparent procedural error, but neither party suggests it was prejudicial. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 679 [finding petition's denial by a judge other than the sentencing judge was harmless error].)

What happens if the petition contains all the required information is the focus of the disagreement between *Lewis*, *supra*, 43 Cal.App.5th 1128, review granted, *Verdugo*, *supra*, 44 Cal.App.5th 320, review granted, and the many subsequent cases that have agreed with their interpretation of section 1170.95, subdivision (c),[5] on the one hand, and *People v. Cooper*, *supra*, 54 Cal.App.5th 106, review granted, on the other.

Section 1170.95, subdivision (c), provides, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply. . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."[6]

---

[5] See, e.g., *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, review granted September 23, 2020, S263939; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011.

[6] Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts.  (§ 1170.95, subd. (d)(1).)  At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing.  (§ 1170.95, subd. (d)(3); *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 230.)  The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.  (See *People v. Tarkington, supra,*

In *Verdugo* we held subdivision (c) prescribes a two-step process for the court to determine if an order to show cause should issue: "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo, supra,* 44 Cal.App.5th at p. 328, review granted.)

As to what the first of those two steps should accomplish, we explained, "[B]ecause a petitioner is not eligible for relief under section 1170.95 unless he or she was convicted of first or second degree murder based on a charging document that permitted the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine (§ 1170.95, subd. (a)(1), (2)), the court must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment. Based on a threshold review of these documents, the court can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder. The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill [No.] 1437's amendments to sections 188 and 189 . . . ." (*Verdugo, supra,* 44 Cal.App.5th at pp. 329-330, review granted.) A petitioner is entitled to appointment of counsel, we held, only if

49 Cal.App.5th at pp. 898-899, review granted; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 981.)

7

the superior court does not determine he or she is ineligible for relief as a matter of law at this first subdivision (c) prima facie review.  (*Id.* at p. 332; accord, *Lewis*, *supra*, 43 Cal.App.5th at p. 1140, review granted.)

Division One of the First Appellate District in *People v. Cooper*, *supra*, 54 Cal.App.5th 106, review granted, disagreed that section 1170.95, subdivision (c), contemplates two separate steps and held a petitioner is entitled to counsel upon the filing of a facially sufficient petition for relief that requests counsel be appointed.  (*Cooper*, at p. 123.)  In the *Cooper* court's view, section 1170.95, subdivision (c)'s first sentence is "a topic sentence summarizing the trial court's task before issuing an order to show cause, and the following sentences . . . specify the procedure in undertaking that task," meaning there is only one prima facie review before an order to show cause issues. (*Cooper*, at p. 118.)  Thus, once a petitioner files a facially sufficient petition requesting counsel, the superior court must appoint counsel before performing any review under section 1170.95, subdivision (c).  (*Cooper*, at p. 123.)

> 2.  *The Order Denying Bonds's Petition Must Be Affirmed Under the Analysis in Either* Verdugo *or* Cooper

The court in *People v. Cooper*, *supra*, 54 Cal.App.5th at page 123, review granted, held, although a petitioner has a statutory right to counsel upon filing a facially sufficient section 1170.95 petition, the violation of that right is not structural error, and thus not reversible per se.  As the same panel that decided *Cooper* explained in *People v. Daniel* (2020) 57 Cal.App.5th 666, 675, denying a petitioner counsel prior to issuing an order to show cause is "not '"analogous to" . . . "the total deprivation of the right to counsel at trial."'  [Citations.]

8

Rather, the failure to appoint counsel upon the filing of a facially sufficient petition under section 1170.95 *is* susceptible to review for prejudice. And harmlessness is established if the record 'conclusively demonstrate[s] that [the petitioner] was ineligible for relief as a matter of law.'"[7] (Accord, *People v. Law* (2020) 48 Cal.App.5th 811, 826, review granted July 8, 2020, S262490 [any error in failing to appoint counsel was harmless because counsel would not have been able to demonstrate petitioner was eligible for resentencing]; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 8, 2020, S262481 [any error in failing to appoint counsel was harmless because petitioner did not fall within the provisions of section 1170.95 as a matter of law].)

Bonds does not dispute he was convicted of second degree murder for fatally stabbing his roommate during a crack-fueled fight. Thus, he was ineligible for relief under section 1170.95 as a matter of law. Accordingly, however the Supreme Court resolves the *Verdugo/Cooper* disagreement in *People v. Lewis*, S260598, the order summarily denying Bonds's petition without appointment of counsel is properly affirmed. The superior court used the procedure we approved in *Verdugo, supra*, 44 Cal.App.5th 320, review granted. And although it would be considered error to have evaluated Bonds's prima facie showing

_____

[7] The *Daniel* court held, to demonstrate prejudice, a petitioner has the burden of establishing it is reasonably probable that, if he or she had been afforded assistance of counsel, the petition would not have been summarily denied without an evidentiary hearing, the standard for state law error established in *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Daniel, supra*, 57 Cal.App.5th at p. 676.)

without appointment of counsel under *People v. Cooper, supra*, 54 Cal.App.5th 106, review granted, that error was harmless.

## DISPOSITION

The order denying Bonds's section 1170.95 petition is affirmed.


PERLUSS, P. J.


We concur:



SEGAL, J.



FEUER, J.